**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DENNIS MONTGOMERY,

    And

LARRY KLAYMAN,

             Plaintiffs,

v.

JAMES COMEY, FEDERAL BUREAU OF
INVESTIGATION, MICHAEL S. ROGERS, NATIONAL
SECURITY AGENCY, JOHN BRENNAN, MIKE POMPEO,
JAMES R. CLAPPER, DAN COATS, BARACK OBAMA,

             Defendants.

**Case No: 17-cv-1074**

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs Dennis Montgomery and Larry Klayman ("Plaintiffs" unless individually named) hereby move this Court for expedited discovery in their action against Defendants James Comey ("Defendant Comey"), Federal Bureau of Investigation ("FBI"), Michael S. Rogers ("Defendant Rogers"), National Security Agency ("NSA"), John Brennan ("Defendant Brennan"), Mike Pompeo ("Defendant Pompeo"), Central Intelligence Agency ("CIA"), James R. Clapper ("Defendant Clapper"), Dan Coats ("Defendant Coats"), and Barack Obama ("Defendant Obama") (collectively "Defendants") in advance of their preliminary injunction hearing.

Plaintiffs requested consent to this Motion for Expedited Discovery from Defendants FBI, NSA, CIA, Michael Rogers, Mike Pompeo, Dan Coats, and James Clapper on July 5, 2017 through e-mail. Counsels for Defendants FBI, NSA, CIA, Michael Rogers, Mike Pompeo, and

Dan Coats, and James Clapper opposed plaintiffs' motion for expedited discovery on July 5, 2017 through e-mail. Defendants Brennan and Comey have been served in their individual and official capacity but counsel have not appeared on their behalf . Defendant Obama has thus far evaded service. However, the underlying Complaint and the Motion for Preliminary Injunction were timely sent to his mansion and residence at 2446 Belmont Road, Washington, D.C., 20008 by Federal Express.

## I.   <u>INTRODUCTION</u>

Defendants, each and every one of them, have engaged in an ongoing conspiracy to illegally and unconstitutionally spy on millions of Americans, including Plaintiffs, without probable cause or a warrant. Defendants' ongoing, illegal, unconstitutional surveillance on Plaintiffs continues to occur in numerous ways—including but not limited to—bulk telephony metadata collection similar to the now "discontinued" Section 215 of the USA PATRIOT ACT as well as targeted "PRISM" collection under Section 702 of the Foreign Intelligence Surveillance Act ("FISA"). Defendants' conduct is part of a pattern and practice of conducting illegal, unconstitutional surveillance against millions of Americans. As revealed and found in a recently declassified order (the "Order") from and of the Foreign Intelligence Surveillance Court ("FISC"), Defendants, each and every one of them, have continued their pattern and practice of illegally and unconstitutionally spying on millions of Americans, and Plaintiffs, in violation of Section 702 of FISA.[1] ECF No. 1, Ex A. By its own admission, "the government orally apprised to Court of

---

[1] Defendants have a history of conducting illegal surveillance on U.S. citizens. For example, in 2014, Dianne Feinstein accused CIA of removing documents from her offices, secretly searching her staff's computers and attempting to intimidate congressional investigators by requesting an FBI inquiry into their conduct. Alex Rogers, *The CIA Learns The Hard Way Not to Mess With Dianne Feinstein*, Time, March 12, 2014, available at: http://time.com/21854/cia-dianne-feinstein-john-brennan-senate/. An internal investigation by the CIA under Director Brennan found that its officers indeed penetrated a computer network used by the Senate Intelligence Committee in preparing a report on the CIA.'s detention and interrogation program. The report by the agency's inspector general also found that CIA officers read the emails of the Senate investigators and sent a criminal referral to the Justice

significant non-compliance with the NSA's minimization procedures involving questions of data acquired under Section 702 using U.S. person identifiers." ECF No. 1, Ex A at 4. The Court expressed its concerns in the Order that it was concerned about the FBI's apparent disregard of minimization rules and whether the FBI may be engaging in similar disclosures of raw Section 702 information that have not been reported. ECF No. 1, Ex A at 87. Indeed, the declassified Order from FISC unsurprisingly revealed that Defendants have continued their pattern and practice of illegally and unconstitutionally spying on millions of Americans, in violation of Section 702 of FISA.

It therefore follows logically that Plaintiffs are the targets of the ongoing illegal and unconstitutional surveillance set forth above, as Plaintiffs are clear threats to expose Defendants' illegal and unconstitutional behavior. Plaintiff Montgomery is a former NSA, CIA, and Director of National Intelligence ("DNI") contractor and whistleblower who has intimate knowledge of Defendants', each and every one them, acting individually and in concert, longstanding pattern and practice of conducting illegal, unconstitutional surveillance on millions of Americans. Plaintiff Klayman is the attorney who represents him. For these reasons, Defendants have a strong incentive to illegally monitor Plaintiffs' private conversations and activities, as Plaintiffs are a threat to expose their unconstitutional surveillance procedures. As such, Plaintiffs have filed a motion for preliminary injunction, again enjoining Defendants from (1) illegally and unconstitutionally spying on and surveilling millions of Americans, including Plaintiffs, without probable cause or a warrant, and (2) destroying evidence of illegal and unconstitutional spying

---

Department based on false information, according to a summary of findings made public on Thursday. One official with knowledge of the report's conclusions said the investigation also discovered that the officers created a false online identity to gain access on more than one occasion to computers used by the committee staff. Mark Mazzetti and Carl Hulse, *Inquiry by C.I.A. Affirms It Spied on Senate Panel*, The New York Times, July 31, 2014, available at: https://www.nytimes.com/2014/08/01/world/senate-intelligence-commitee-cia-interrogation-report.html.

turned over to Defendant Comey and the FBI by Plaintiff Montgomery.

Plaintiffs now seek narrow and carefully tailored expedited discovery tied directly to the substance of their constitutional, statutory, and other claims against Defendants. Specifically, Plaintiffs request discovery covering: (1) any documents or correspondence relating to Defendants' unconstitutional and warrantless spying on Plaintiffs' cellular phone metadata, internet, and social media activity, (2) limited depositions of Defendants Comey, Brennan, and Clapper to determine whether they ordered surveillance on Plaintiffs, and (3) depositions of persons designated by Defendants FBI, CIA, and NSA, as  outlined in FRCP 30(b)(6), on the subject of the unconstitutional and warrantless spying on Plaintiffs cellular phone metadata, internet, and social media activity..

This Court has held that a constitutional violation and loss of constitutional protections "for even minimal periods of time, unquestionably constitutes irreparable injury" *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (deprivation of constitutional protection "is an undeniably substantial and irreparable harm"). The requested discovery is limited in scope and, given the significant ongoing and anticipated harms to Plaintiffs in this case, necessary and appropriate to allow at this time. As set forth herein, this Court must authorize this expedited discovery, which is reasonable under the circumstances and supported by good cause.

## II.   LEGAL STANDARD

Because of the grave importance of the relief sought – preventing Defendants from further violation Plaintiffs' constitutional rights – this Court must exercise its discretion to grant Plaintiff's motion for expedited discovery. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy*

4

*Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003), including those related to the timing of discovery requests. *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery.").

The Federal Rules of Civil Procedure ("FRCP") also authorize courts to adjust the discovery timeline and to order expedited discovery. *Dimension Data N. Am., Inc. v. Netstar–1, Inc.*, 226 F.R.D. 528, 530 (E.D.N.C. 2005); *Malon v. Franklin Fin. Corp.*, No. CIVA 3:14cv671, 2014 WL 5795730 (E.D. Va. Nov. 6, 2014); *Tribal Casino Gaming, Enterprise v. W.G. Yates & Sons Construction Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2010). FRCP 26(d)(1) expressly provides that a party may obtain discovery before a Rule 26(f) scheduling conference "when authorized . . . by court order". FRCP 30(a), 33(b), 34(b) and 36 also permit the court to adjust the timing requirements imposed under Rule 26(d) and to expedite the time for responding to discovery requests.

Courts grant expedited discovery in conjunction with preliminary injunction motions, particularly when plaintiffs are at risk of irreparable harm. *See, e.g.*, *Malon v. Franklin Fin. Corp.*, CIV A 3:14cv671, 2014 WL 5795730, at *3 (E.D. Va. Nov. 6 2014) (granting expedited discovery to plaintiff prior to anticipated preliminary injunction motion, where plaintiff had made showing of irreparable harm); *Asheboro Paper & Packaging, Inc. v. Dickinson*, 599 F. Supp. 2d 664, 668 (M.D.N.C. 2009) (noting that the court had granted expedited discovery relating to issues raised by the plaintiff's request for injunctive relief before the preliminary injunction hearing); *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 324 (4th Cir. 2000) (remanding to the lower court with instructions to provide the defendant an opportunity to conduct expedited discovery in order to file a motion to dissolve a preliminary injunction); *Dan River, Inc. v. Unitex*

5

*Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980) (describing expedited discovery in the district court in preparation for preliminary injunction hearing).

When evaluating expedited discovery motions, a "standard based upon reasonableness or good cause, taking into account the totality of the circumstances" is consistent with the FRCP and should be applied when "plaintiff requests expedited discovery in preparation for a preliminary injunction determination." *NetStar-1, Inc.*, 226 F.R.D. at 531-32 (collecting cases); *accord, e.g.*, *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas*, LLC, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) (noting that "[t]he Comments to the Rules of Civil Procedure recognize that it may be appropriate to allow expedited discovery when a party seeks preliminary injunctive relief").[2]

## III.   PLAINTIFF'S NARROW REQUEST FOR EXPEDITED DISCOVERY IS REASONABLE AND SUPPORTED BY GOOD CAUSE

### A.   Plaintiff's Request is Reasonable

For expedited discovery when there is a preliminary injunction pending, District of Columbia Courts use the "reasonableness" test. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Under the reasonableness test, courts consider the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances. *Id.* Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

---

[2] Instead of a reasonableness or good cause standard, some courts have adopted "a formulation of the preliminary injunction test" to determine whether to grant expedited processing. *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11CV88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011). However, as the court in *Netstar-1* explained, "where . . . a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." 226 F.R.D at 531 (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). To do so would simply duplicate the preliminary injunction analysis—except without the very facts that the expedited discovery motion sought.

discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.[3]" *Id*.

First, Plaintiffs filed a Motion for Preliminary Injunction on June 19, 2017. The motion is scheduled to be heard on an expedited basis. Thus, there is clearly a preliminary injunction pending. Second, the breadth of the discovery request is defined and limited and the burden on the defendants to comply with the requests is not excessive. Third, Plaintiffs have made reasonable and limited requests: (1) any documents or correspondence relating to Defendant's unconstitutional and warrantless spying on Plaintiffs' cellular phone metadata, internet, and social media activity, (2) limited depositions of Defendants Comey, Brennan, and Clapper to determine whether they ordered surveillance on Plaintiffs, and (3) depositions of persons designated by Defendants FBI, CIA, and NSA, as  outlined in FRCP 30(b)(6), on the subject of the unconstitutional and warrantless spying on Plaintiffs cellular phone metadata, internet, and social media activity. The discovery requested will confirm that Plaintiffs were indeed the subject of illegal, unconstitutional surveillance, as ordered by Defendants Comey, Brennan, Clapper, and their defendant agencies, especially given what was revealed in the Order.

Fourth, the discovery Plaintiffs are seeking on an expedited basis is not burdensome, as established by controlling precedent.[4] Plaintiffs seek documents relating to Defendant's illegal

---

[3] This factor does not apply to the immediate case, as discovery has not been calendared.

[4] Even considered in isolation, the expedited discovery requested here is either in line with, or less burdensome than, what courts in this and other Circuits have ordered in other cases. *See, e.g.*, *Tribal Casino Gaming, Enterprise v. W.G. Yates & Sons Construction Co.*, No. 1:16CV30, 2016 WL 3450829, at *2,4 (W.D.N.C. June 16, 2010) (ordering one week of load testing of a hotel garage, requiring partial closure of the garage and potentially causing damage to structure); *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *6 (E.D.N.C. June 30, 2015) (seven interrogatories and six requests for production directed); *Malon v. Franklin Fin. Corp.*, No. CIVA 3:14cv671, 2014 WL 5795730 (E.D. Va. Nov. 6, 2014) (five broad classes of documents); *JTH Tax, Inc. v. M & M Income Tax Serv.*, Inc., No. 6:13-cv-00265-GRA, 2013 WL 460316, at *3 (D.S.C. Feb. 6, 2013) (depositions as well as written discovery); *Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *5 (E.D.N.C. Apr. 27, 2012) (five depositions including one Rule 30(b)(6) deposition, 20 document requests, and 10 interrogatories); *Laboratory Corp. of Am. Holdings*, 2010 WL 3945111, at *2-3 (seven broad classes of documents and a Rule 30(b)(6) deposition); *U.S. Commodity Futures Trading Comm'n v.*

surveillance against Plaintiffs. These documents are already in the government's possession and should not require an extensive search. These items are directly related to Plaintiffs' discovery requests and easily accessible by Defendants. In addition, Plaintiffs' request to conduct limited depositions of Defendants Comey, Clapper, and Brennan and persons designated by Defendants FBI, CIA, and NSA is not excessively burdensome, as they are all located in the same region and will not be made to travel excessively.

The purpose of Plaintiff's motion for expedited discovery is to develop the record and assist this court's consideration of the key issues that will be raised in a preliminary injunction hearing. In order to be successful in obtaining a preliminary injunction, Plaintiffs must prove a substantial likelihood of success on the merits. As such, any information related to Defendants' unconstitutional conduct against Plaintiffs would be crucial.

Lastly, anticipating Defendants' likely assertion that all or some of the responsive documentation is "classified," this Court may still review such documentation *in camera*, as it possesses the necessary security clearance. This allows Defendants to preserve the confidentiality of certain documents - where genuinely required - while preventing them from merely asserting "classification" as a means to evade proper document requests.

**B.     Plaintiff's Request is Based on Good Cause**

Good cause exists here because Plaintiffs are making this motion for expedited discovery in order to obtain additional facts directly relevant to the preliminary injunction motion as quickly

---

*Smith*, No. 1:10CV00009, 2010 WL 1759542, at *4–5 (W.D. Va. Feb. 23, 2010) (allowing more than 10 depositions and broad discovery to identify wrongdoing, assets, customers, and customers and Defendants' sources of funds); *Asheboro Paper & Packaging, Inc. v. Dickinson, 599 F. Supp. 2d 664, 676-77* (at least one deposition, in addition to paper discovery*); Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *10 (document requests, interrogatories, and physical access to multiple computer systems for the purpose of forensic mirroring); *see also, e.g., Doe v. Johnson*, CV 15-250 TUC DCB (D. Az. Aug. 14, 2015) (granting Plaintiffs and their experts access to detention facilities for physical inspection and documentation via video and photography footage); *Bremson v. United States*, 459 F. Supp. 121, 124 (W.D. Mo. 1978) (deposition of IRS agent and interrogatories);.

as practicable, so that the Court may consider them when deciding Plaintiffs' Motion for Preliminary Injunction. As Defendants currently continue to illegally spy on millions of individuals', including Plaintiffs', cellular phone metadata, internet, and social media activities, several months of unconstitutional searches and irreparable injury will accrue while this case is being litigated. Defendants' conduct is part of a pattern and practice of conducting illegal, unconstitutional surveillance against millions of Americans, including Plaintiffs. The constitutional violation and loss of constitutional protections "for even minimal periods of time, unquestionably constitutes irreparable injury" *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (deprivation of constitutional protection "is an undeniably substantial and irreparable harm"). Thus, Plaintiffs' request for expedited discovery is reasonably timed in light of this problem.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion for Expedited Discovery in time, allowing Plaintiffs to conduct limited expedited discovery to assist them in preparing for the hearing on Plaintiffs' motion for preliminary injunction. (1) any documents or correspondence relating to Defendant's unconstitutional and warrantless spying on Plaintiffs' cellular phone metadata, internet, and social media activity, (2) limited depositions of Defendants Comey, Brennan, and Clapper to determine whether they ordered surveillance on Plaintiffs, and (3) depositions of persons designated by Defendants FBI, CIA, and NSA, as  outlined in FRCP 30(b)(6), on the subject of the unconstitutional and warrantless spying on Plaintiffs cellular phone metadata, internet, and social media activity. Defendants continue to violate the constitutional rights of millions of Americans, despite this court issuing multiple injunctions to stop Defendants

9

in the past. Defendants' conduct is part of a pattern and practice of conducting illegal, unconstitutional surveillance against millions of Americans, which must be ceased immediately. Plaintiffs will inquire Defendants Comey, Brennan, Clapper, and the persons designated by Defendants FBI, CIA, and NSA if any illegal surveillance was performed on Plaintiffs, in violation of their constitutional rights. Plaintiffs request the depositions be conducted within the next two weeks at a time mutually convenient to both Plaintiffs and Defendants.

Dated: July 6, 2017                      Respectfully submitted,

                                         */s/ Larry Klayman*
                                         Larry Klayman, Esq.
                                         KLAYMAN LAW GROUP, P.A.
                                         D.C. Bar No. 334581
                                         7050 W. Palmetto Park Rd, #15-287
                                         Boca Raton, FL, 33433
                                         Tel: (561)-558-5536
                                         Email: leklayman@gmail.com

                                         Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on July 6, 2017

                                         */s/ Larry Klayman*
                                         Attorney