IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENNIS MONTGOMERY, et al

                Plaintiffs,

v.

JAMES COMEY, et al

                Defendants.

Case No: 17-cv-1074

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Dennis Montgomery and Larry Klayman ("Plaintiffs" unless individually named) hereby submit the following reply to Defendants Opposition to Plaintiffs' Motion for Expedited Discovery. ECF No. 22.

It is now indisputable that Defendants have engaged in massive, illegal, and unconstitutional surveillance of millions of Americans. Indeed, the Foreign Intelligence Surveillance Court ("FISC") issued an order confirming that this illegal and unconstitutional misconduct is ongoing. *See* Comp. Ex A: FISC Order Dated Apr. 26, 2017 (the "Order"). As recently as October 24, 2016, by its own admission, "the government orally apprised to Court of significant non-compliance with the NSA's minimization procedures involving questions of data acquired under Section 702 using U.S. person identifiers." Order at 4. Furthermore, the FISC took Defendant Comey and the FBI to task in the Order, finding that:

> The Court is nonetheless concerned about the FBI's apparent disregard of minimization rules and whether the FBI may be engaging in similar disclosures of raw Section 702 information that have not been reported.

1

Order at 87.  The fact that this massive, illegal, and unconstitutional surveillance of millions of Americans is ongoing should – alone – entitle Plaintiffs to expedited discovery, necessary before the preliminary injunction is heard and decided, to confirm whether they were the subjects of this surveillance, personally.

Even more, memos declassified since Plaintiffs' Complaint was filed further reveal the massive scale of Defendants' illegal and unconstitutional surveillance.[1] These memos, in conjunction with the ones revealed in Circa News (Comp. ¶¶ 25-26), frankly make it impossible to deny that this illegal and unconstitutional misconduct is ongoing. Mr. Patrick Toomey, an attorney with the American Civil Liberties Union, is quoted in the most recent article in The Hill:

> Americans should be alarmed that the NSA is vacuuming up their emails and phone calls without a warrant…. The NSA claims it has rules to protect our privacy, but it turns out those rules are weak, full of loopholes, and violated again and again.[2]

Defendant NSA self-servingly and incredulously claims that the missteps amount to "less than 1 percent."[3] This is hard to believe, given its past pattern and practice of lying and covering up evidence of its gross misconduct, as well as defying the previous orders of this Court, which found that the Defendants mass surveillance is illegal and unconstitutional; that is "almost Orwellian," to coin a phrase.  However, even in the unlikely event that this it true, it is still highly likely that Plaintiffs fall within that "1 percent" given that Plaintiff Klayman "has been publically trying to raise awareness of, and demand an investigation into, Defendants ongoing illegal and unconstitutional surveillance…" (Comp ¶ 54) and Plaintiff Montgomery "is a former NSA, CIA, and DNI contractor and whistleblower regarding Defendants' longstanding pattern

---

[1] John Solomon, *Newly Declassified Memos Detail Extent of Improper Obama-era NSA Spying*, The Hill, Jul. 25, 2017, available at: http://thehill.com/policy/national-security/343785-newly-declassified-memos-detail-extent-of-improper-obama-era-nsa.
[2] *Id*.
[3] *Id*.

and practice of conducting illegal, unconstitutional surveillance on millions of Americans, which continues to this day." Comp ¶ 33. When it comes to uncontroverted fact that Defendants are engaging in unconstitutional surveillance, they believe that their actions are "above the law," and that they do not have to account to anyone, including this Court. And, once called to account, their past practice has been simply to try lie their way out of it, using their legal counsel as a shield.

Defendants' strategy is readily apparent: hide behind phony claims of "privilege" to avoid and delay the production of potentially incriminating documents and testimony. In line with that strategy, Defendants falsely claim that Plaintiffs' assertion that they were surveilled are "based on nothing but pure speculation." Opp. at 1. This is blatantly false. *See* Comp ¶¶ 43-47; 56 – 66 (detailing specific instances where Plaintiff's electronic devices were hacked and subject to surveillance). Yet, even if Defendants' assertion that Plaintiffs' claims are based purely on speculation were true (they are not), this underlies the entire reason <u>why</u> Plaintiffs require discovery. As this Court has stated in the past, Defendants "hold all the cards." It is impossible for Plaintiffs, or even this Court, to know the extent of Defendants' illegal and unconstitutional surveillance without the benefit of discovery. As Defendants would have it, Plaintiffs and this Court should merely accept Defendants' self-serving and undoubtedly false assertions that Plaintiffs have not been surveilled and move on. There is clearly something more than flawed with this reasoning. Thus, it is imperative that this Court grant Plaintiffs' Motion for Expedited Discovery so that Plaintiffs will have the benefit of discovery in advance of the upcoming Preliminary Injunction hearing and not merely accept Defendants' self-serving and falsely contrived assertions and allow them to continue to operate "above the law."

///

I. **Plaintiffs Have Shown Good Cause for Expedited Discovery**

Predictably, Defendants disingenuously raise national security and confidentiality "issues" to attempt to preclude Plaintiffs from taking expedited discovery. As has been Defendants' pattern and practice, Defendants again wish to "have their cake and eat it too." Clearly, by hiding behind these manufactured "issues" Defendants believe that they can continue to operate above the law with immunity. It is readily transparent that Defendants believe that these "issues" will forever grant to free reign to do as they please, since any incriminating evidence would be solely in their possession at all times.

However, it is abundantly clear that this Court can fashion a discovery plan that will ensure that national security is not compromised – which Plaintiffs respect -- to the extent that any real national security "issues" arise.[4] This Court has a security clearance that allows it to hear evidence and view commensurate documents that may not be accessible to the public. Furthermore, this Court can hold potentially sensitive hearings *in camera* and away from the public. These potential remedies allow for this Court to grant Plaintiffs' Motion for Expedited Discovery while addressing Defendants' "concern" over <u>actual</u> national security issues, if any.

Next, Defendants contend that Plaintiffs requests are over-broad and would place a significant burden on Defendants. It is ridiculous, at best, to assert that discovery as whether <u>two individuals</u> were illegally and unconstitutionally surveilled is overbroad. By the very nature of the request, it is narrowly tailored and should be able to be completed without much inconvenience to Defendants. In fact, Defendants should welcome discovery, since Plaintiffs would for certain have to subpoena them to appear at the preliminary injunction hearing

---

[4] Of course, <u>real</u> national security issues do not include Defendants' baseless and shameless suggestions in *Klayman I* and *Klayman II* that Plaintiffs were possibly terrorists.

otherwise.[5]

Furthermore, Defendants contend that Plaintiffs have not demonstrated an urgent need for discovery on an expedited basis. This is false. As Defendants concede, "When the plaintiff will be irreparably harmed without expedited discovery, this factor weighs in favor of granting a motion for expedited discovery." Opp. at 10 (citations omitted). As set forth in previous pleadings, the constitutional violation and loss of constitutional protections "'for even minimal periods of time, unquestionably constitutes irreparable injury" *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (deprivation of constitutional protection "is an undeniably substantial and irreparable harm"). Perhaps recognizing this well-settled case law, Defendants revert to their strategy of asserting that Plaintiffs do not have evidence of surveillance. Again, not only is this assertion false – *See* Comp ¶¶ 43-47; 56 – 66 – Defendants are simply trying to present this Court and Plaintiffs with a catch-22. The "evidence" that Defendants claim to be a necessary precursor to discovery is solely in Defendants'

---

[5] Plaintiffs would accept this alternative action even though Defendants have been known to lie under oath when testifying. *See* Comp ¶ 14 ("Defendant Clapper has gone so far as to brazenly lie and perjure himself in front of Congress regarding the NSA's and the other Defendants' pattern and practice of running rampant through the constitutional rights of Americans and illegally conducting massive spying operations. Such a blatant and brazen lie under oath is indicative of Defendants' pattern and practice of dishonest behavior, which has led for critics, such as Sen. Rand Paul to call for Defendant Clapper's resignation over the incident, which "amounts to perjury.") (internal citations omitted). Defendant Brennan too shares Defendant Clapper's indifference to the truth, even under oath. *See* James Downie, *Obama Should Fire John Brennan*, Washington Post, Jul. 31, 2014, available at: https://www.washingtonpost.com/blogs/post-partisan/wp/2014/07/31/obama-should-fire-john-brennan/?utm_term=.e311a1603554. Defendant Comey has also leaked potentially classified information, as per his own testimony in front of Congress, leading Mr. Jay Sekulow, Chief Cousel of the ACLJ to write: "James Comey should be held accountable and prosecuted for his corrupt actions." Jay Sekulow, *Did Fired FBI Director James Comey Break the Law?*, Fox News, Jul. 11, 2017, available at: http://www.foxnews.com/opinion/2017/07/11/did-fired-fbi-director-james-comey-break-law.html.

possession and is not attainable without discovery. This Court must see past this ruse to stonewall Plaintiffs' request for expedited discovery. One has to ask; what do the Defendants have to hide in simply confirming that they have surveilled the Plaintiffs. This would not disclose any sources and methods, and do no harm to national security. However, if Defendants continue to dig their unconstitutional heels in thumb their noses at this Court and Plaintiffs, then a strong evidentiary inference must arise that indeed the allegations of Plaintiffs' complaint are true and correct.

Lastly, Defendants contend that discovery is premature because they have not yet filed their motions to dismiss. That they have not so moved is Defendants' choice. With the resources at their disposal, nothing prevented them from having filed whatever they suited them within the bounds of the law and ethics to date. In any event, the parties are approaching a preliminary injunction hearing, after a motion for temporary injunction had also been filed by Plaintiffs, and thus motions to dismiss are irrelevant in terms of the timeline to decide whether a preliminary injunction will be issued by this Court to simply preserve the status quo and order that illegal surveillance of Plaintiffs cease and desist, pending the full resolution of this suit. No harm would result to Defendants in simply being ordered to obey the law. The unique and accelerated nature of this case requires that this Court grant expedited discovery. Indeed, this Court has already in the past issued a preliminary injunction against many of the same Defendants. *Klayman I*. Thus, this case, which is a continuation of *Klayman I* – based on Defendants continued illegal and unconstitutional surveillance in violation of the law of the case concerning previous preliminary injunctions – is already legally further along than most other cases are at the same stage. Furthermore, given the fact that there is a preliminary injunction hearing upcoming, Plaintiffs must be allowed to take discovery in advance of it. Plaintiffs' Motion for Expedited Discovery is

the only mechanism through which to do so. Otherwise, it is certain that Defendants will need to be subpoenaed to testify under oath at the upcoming preliminary injunction hearing.

## II. Defendants Can Not Raise a Qualified Immunity Defense to the Misconduct Alleged in the Complaint

Defendants also assert that Plaintiffs should not be entitled to expedited discovery because they "anticipate" raising a qualified immunity defense in the future. Without knowing the substance of this "anticipated" defense, it is impossible for Plaintiffs to respond substantively. This claim is irrelevant in any event. This is because it is abundantly clear that there is no qualified immunity for criminal acts, or even violations of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gates v. Dist. of Columbia*, 66 F. Supp. 3d 1, 25 (D.D.C. Aug. 29, 2014). Indeed, the misconduct alleged in the Complaint and subsequent pleadings squarely fall within the exception to qualified immunity set forth by *Gates*. This entire Complaint is centered around Defendants' willful, and criminal, violation of Plaintiff's Fourth Amendment rights by illegally and unconstitutionally surveilling them without a warrant or probable cause. Thus, this Court can dispose of Defendants' "anticipated" qualified immunity defense here and now.

## III. Conclusion

It is abundantly clear from Defendants' Opposition that they believe that they can continue to operate above the law with no repercussions or consequence, even toward this Court, which they continue to thumb their felonious noses at. Indeed, Defendants essentially rest their argument on the assumption that this Court will naively take their self-serving assertions as face value and accept them as fact. Nothing else could explain Defendants' transparent attempt to create a "catch-22" for this Court and Plaintiffs by asserting that Plaintiffs do not have the necessary "evidence" of misconduct to proceed to discovery, while all such confirming

"evidence" is solely in Defendants' possession and only obtainable through discovery. It is therefore incumbent upon this Court, which is the sole protector of the Constitution given that the our Justice Department is apparently compromised and incredibly representing not the American people but the criminally minded Defendants instead, to again remind these Defendants – who have been exposed to have violated the law -- that indeed they are not above the law, as it courageously did in *Klayman I*, and grant Plaintiffs' Motion for Expedited Discovery.

Dated: July 27, 2017                              Respectfully submitted,

                                              */s/ Larry Klayman*
                                              Larry Klayman, Esq.
                                              KLAYMAN LAW GROUP, P.A.
                                              D.C. Bar No. 334581
                                              7050 W. Palmetto Park Rd, #15-287
                                              Boca Raton, FL, 33433
                                              Tel: (561)-558-5536
                                              Email: leklayman@gmail.com

                                              Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on July 27, 2017.

                                              */s/ Larry Klayman*
                                              Larry Klayman, Esq.