# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENNIS MONTGOMERY, *et al.*,      )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )
                                  )        Case No. 17-cv-01074-RJL
JAMES COMEY, *et al.*,            )
                                  )
        Defendants.               )
                                  )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia. I have held this

position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"),

from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for

Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA")

policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30,

2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the State of Texas since

1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 249

employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ")

units and two (2) field operational service center units whose collective mission is to effectively

plan, develop, direct, and manage responses to requests for access to FBI records and

information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN

1

FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive

Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives and procedures; judicial decisions; and

other Presidential and Congressional directives.  The statements contained in this declaration are

based upon my personal knowledge, upon information provided to me in my official capacity,

and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to Plaintiff Dennis Montgomery's ("Mr. Montgomery") request for

information from its files pursuant to the provisions of the Privacy Act, 5 U.S.C. § 552a.

Specifically, I am familiar with the FBI's handling of Plaintiff Montgomery's Privacy Act

request dated March 27, 2017, concerning an FBI interview of himself.

(4)     This declaration is submitted in support of the FBI's Motion for Partial Summary

Judgment with respect to Plaintiff Montgomery's Privacy Act claim.  This declaration provides a

brief administrative history of Plaintiff's Privacy Act request, a description of the FBI's Central

Records System, the FBI's justification for withholding records in full pursuant to Privacy Act

Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and an explanation of the search for responsive records

under FOIA.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S PRIVACY ACT REQUEST

(5)     By faxed letter dated March 27, 2017, Plaintiff Montgomery, through counsel,

submitted a Privacy Act request to FBIHQ seeking "any and all documents that refer or relate in

any way to [ ] any and all 302 reports of the interview in which Montgomery participated in with

Special Agents Walter Giardina and William Barnett." *(See* **Exhibit A.)**

(6)     By letter dated March 30, 2017, the FBI acknowledged receiving Plaintiff's

2

request for information.  Although the request did not mention the FOIA, the FBI advised that

the request would be considered under the provisions of the FOIA,[1] and assigned it FOIPA

Request Number 1370325-000.  The FBI issued a third-party unperfected response, also known

as a Privacy "Glomar"[2] denial.  Specifically, the FBI advised that absent express authorization

and consent from the third-party individual whose records are sought, proof of death, or a clear

demonstration that the public interest in disclosure outweighs the privacy interest of the third-

party, the "FBI can neither confirm or deny the existence of any records responsive to your

request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA

Exemptions (b)(6) and (b)(7)(C)."  The FBI enclosed a Certification of Identity form, to be

completed by the subject of the request.  The FBI notified Plaintiff of his right to appeal the

FBI's decision to the OIP within sixty (60) days from the date of the response letter.  *(See*

**Exhibit B.)**

(7)     By fax dated April 12, 2017, Plaintiff provided a completed Certification of

Identity form for Mr. Montgomery.  *(See* **Exhibit C.)**

(8)     By letter dated May 1, 2017, the FBI acknowledged receipt of Plaintiff's request

and advised Plaintiff that it had been received for processing.  For purposes of assessing fees,

Plaintiff was advised he would be charged applicable search and duplication fees in accordance

---

[1] *See* FOIA Update, Vol. VII, No. 1, at 6 (advising that it is "good policy for agencies to treat all first-party access requests as FOIA requests" regardless of whether FOIA is cited by requester). This encompasses the situation where, as here, the request is filed through legal counsel. Since the FOIA generally provides greater disclosure than the Privacy Act, the FBI follows this policy to provide maximum disclosure to requesters.  When the FBI processes a Privacy Act request under both statutes, no information is withheld unless it is exempt from disclosure under both statutes.

[2] *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976).

3

with 5 USC § 552 (a)(4)(A)(ii)(III).  *(See* **Exhibit D.)**

(9)     On June 5, 2017, Plaintiffs filed the complaint in the instant action. *(See* **ECF**

**Docket Number 1.)**

### THE FBI'S CENTRAL RECORDS SYSTEM

(10)     The Central Records System ("CRS") is an extensive system of records consisting

of applicant, investigative, intelligence, personnel, administrative, and general files compiled and

maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

enforcement, counterterrorism, and intelligence agency to include performance of administrative

and personnel functions.  The CRS spans the entire FBI organization and encompasses the

records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices

("Legats") worldwide.

(11)     The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories.  The broad array of CRS file

classification categories include types of criminal conduct and investigations conducted by the

FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,

counterintelligence, personnel, and administrative matters.  For identification and retrieval

purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number

("UCFN") consisting of three sequential components:  (a) the CRS file classification number, (b)

the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned

individual case file number for that particular subject matter.[3]  Within each case file, pertinent

---

[3] For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates
the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and
"56789"is the assigned case specific file number.

4

documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

## The CRS General Indices and Indexing

(12)     The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS. The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties. The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval. The entries in the general indices fall into two category types:

   a. Main entry. This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records. The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

   b. Reference entry. This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(13)     FBI employees may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery). Indexing information in the CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval. Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

5

## Automated Case Support

(14)     Automated Case Support ("ACS") is an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995. As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS has an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[4]

(15)     The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[5]

---

[4] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, to include Presidential protection.

[5] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices." A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973. Records created after these dates would be captured through a UNI search.

6

Currently, UNI consists of approximately 116.1 million searchable records and is updated daily with newly indexed material.

### JUSTIFICATION FOR NONDISCLOSURE UNDER THE PRIVACY ACT

(16)     The Privacy Act generally provides individuals a right of access to records about them maintained in government files, unless the records are part of a system of records exempted from individual access. *See* 5 U.S.C. § 552a(d).  Exemption (j)(2) exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals…" 5 U.S.C. § 522a(j)(2).

(17)     Under the Privacy Act, agencies may promulgate rules to exempt systems of records from various provisions of the Act, to include individual requests for access or amendment. *See* 5 U.S.C. § 552a(d), (j) and (k).  Accordingly, the Department of Justice ("DOJ") promulgated regulations exempting certain systems of records from individual access, *inter alia*, under the Privacy Act, 5 U.S.C. § 552a(d).  As relevant here, the FBI is a criminal and regulatory enforcement agency within DOJ responsible for enforcing federal laws, and DOJ has exempted FBI law enforcement investigative records maintained in the CRS[6] from the Privacy Act's access provision pursuant to (j)(2).

(18)     As explained further *infra*, records responsive to Plaintiff's Privacy Act request are related to investigative matters and were compiled and are maintained per the FBI's primary

_____

[6] Privacy Act System of Records FBI-002, 63 FR 8671 (1998) (last publication of complete notice).

7

law enforcement mission to investigate violations of federal laws. Furthermore, they are law enforcement records and would be stored in the CRS, a system of records specifically exempt from the access provisions of the Privacy Act as noted above per 5 U.S.C. § 552a(j)(2), as implemented by 28 C.F.R. §16.96(a)(1). Consequently, pursuant to 28 C.F.R. § 16.96(a)(1), the Plaintiffs have no individual right of access to investigative records about Plaintiff Montgomery under the Privacy Act.

## SEARCH FOR RESPONSIVE RECORDS

(19)     Since the FOIA generally provides greater disclosure than the Privacy Act, the FBI is currently processing Plaintiff's request under the provisions of the FOIA. *See supra* at 3, n. 1. When the FBI processes a Privacy Act request under both statutes, no information is withheld unless it is exempt from disclosure under both statutes. *Id.* Pursuant to that process, RIDS conducted a search of the CRS and is currently reviewing the results for potentially responsive records, as explained *infra*.

(20)     Index Searching. To locate CRS information responsive to a FOIA request, RIDS employs an index search methodology. Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity. Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the automated UNI application of ACS is the mechanism RIDS employs to conduct CRS index searches.

(21)     In response to Plaintiff's request for records, RIDS is conducting a search for responsive records employing the UNI application of ACS. The FBI searched the terms: "Dennis L. Montgomery," and "Dennis Montgomery" in order to identify investigative files

8

responsive to Plaintiff's request.  The FBI's search included a three-way phonetic[7] breakdown of Mr. Montgomery's names.  The FBI is in the process of reviewing its search results and will process responsive records as appropriate under the FOIA.

(22)    RIDS's search of all files in the CRS is reasonably calculated to locate records responsive to Plaintiff's request.  First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS to locate information responsive to most FOIA/Privacy Act requests, because the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects of investigative interest for future retrieval.  Second, it is reasonably expected that the responsive records are law enforcement records located in the CRS, because Plaintiff's request seeks information relating to any "302 reports" of an interview of Mr. Montgomery by FBI Special Agents.  The FD-302 is an internal form used by the FBI to document interviews conducted in law enforcement investigations.  Therefore, as explained *supra*, any such information would reasonably be expected to be located in the CRS.

## CONCLUSION

(23)    The records requested by Plaintiff pursuant to the Privacy Act are exempt from the provisions of that Act.  FBI HQ is continuing to process Plaintiff's request under FOIA.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through D attached hereto are true and correct copies.

---

[7] Three-way phonetic search ("TP" search) – the FBI used the phonetic search capabilities of ACS to conduct a TP search of subject's name.  This means that first, the computer automatically broke his three names down and searched the index for different name variations of the names entered: "Dennis L. Montgomery" and "Dennis Montgomery."  Then, the computer breaks names down based on their phonetic characteristics.  The computer will return results based on whether or not they phonetically match a certain percentage of the first and last names searched.

Executed this ____ day of August, 2017.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DENNIS MONTOMGERY and                   )
LARRY KLAYMAN,                          )
                                        )
          Plaintiffs,                   )
                                        )
          v.                            )
                                        )        Case No. 17-cv-01074-RJL
JAMES COMEY, et al.                     )
                                        )
          Defendants.                   )
_____)


# Exhibit A



# FREEDOM WATCH

▷ www.FreedomWatchUSA.org

▷ World Headquarters 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ▷ (310) 595-0800   ▷ leklayman@gmail.com

## FAX

| | | | |
|---|---|---|---|
| **To:** | Federal Bureau of Investigation | **From:** | Klayman Law Group, P.A. |
| **Fax:** | (540) 868-4391 | **Pages:** | 3 |
| **Phone:** | | **Date:** | 03-27-17 |
| **Re:** | Privacy Act Request | **CC:** | |

☐ Urgent          ☐ For Review          ☐ Please Comment          ☐ Please Reply

MAR 30 2017

# Klayman Law Group, P.A.

2020 Pennsylvania Avenue, N.W., Suite 800, Washington, DC 20006-1811 ❖ Telephone: (310) 595-0800 ❖ leklayman@gmail.com

March 27, 2017

*VIA FAX AND EMAIL*

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA, 22602
(540) 868-4391

Re:    **PRIVACY ACT REQUEST**

To Whom It May Concern:

Pursuant to the Privacy Act of 1974 (5 U.S.C. § 552(a), and its regulations, Larry Klayman, legal counsel of record on behalf of Dennis L Montgomery ("Montgomery") before the Federal Bureau of Investigation and the U.S. Department of Justice, requests that the Federal Bureau of Investigation ("FBI"), produce:

1. **Any and all documents that refer or relate in any way to to any and all 302 reports of the interview in which Montgomery participated in with Special Agents Walter Giardina and William Barnett.**

If you deny any part of this request, please cite each specific exemption that you rely on to justify your refusal to release the information and notify me of appeal procedures available under law.

If you have any questions concerning this request, you may contact me at (561)-558-5536 or (310)-770-9712. Please send the documents responsive to this Privacy Act request, immediately, to the address above on the letterhead.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Larry Klayman, Esq.
Klayman Law Group, P.A.
2020 Pennsylvania Ave. Ste. 800
Washington, DC 20006
leklayman@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS MONTOMGERY and <br> LARRY KLAYMAN, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES COMEY, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 17-cv-01074-RJL

# Exhibit B

U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 30, 2017

KLAYMAN LAW GROUP, P.A.
MR. LARRY KLAYMAN ESQUIRE
SUITE 800
2020 PENNSYLVANIA AVE. N.W.
WASHINGTON, DC 20006-1811

FOIPA Request No.: 1370325-000
Subject:   MONTGOMERY, DENNIS L.

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information (FOIA) request to the FBI.   The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

<u>Express authorization and consent</u>.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

<u>Proof of death</u>.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.   Death is presumed if the birth date of the subject is more than 100 years ago.

<u>Public Interest Disclosure</u>.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   <u>See</u> 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or

electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternately, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S Department of Justice

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

### OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] _____ **Date** _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENNIS MONTOMGERY and )
LARRY KLAYMAN, )
                                        )
      Plaintiffs, )
                                          )
      v. )                   Case No. 17-cv-01074-RJL
                                          )
JAMES COMEY, et al. )
                                          )
      Defendants. )

# Exhibit C



**U.S. Department of Justice**

---

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 30, 2017

KLAYMAN LAW GROUP, P.A.
MR. LARRY KLAYMAN ESQUIRE
SUITE 800
2020 PENNSYLVANIA AVE. N.W.
WASHINGTON, DC 20006-1811

FOIPA Request No.: 1370325-000
Subject: MONTGOMERY, DENNIS L.

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information (FOIA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals. The FBI recognizes an important privacy interest in the requested information. You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests). In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

<u>Express authorization and consent.</u> If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it. Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized. The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

<u>Proof of death.</u> If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

<u>Public Interest Disclosure.</u> If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests. In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602. If we do not receive a response from you within 30 days from the date of this letter, your request will be closed. You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S.C. § 552(c). As such, this response is limited to those records, if any exist, that are subject to the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or

electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov. You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

U.S. Department of Justice        **Certification of Identity** 

FORM APPROVED OMB NO. 1103-0016
EXPIRES 3/31/

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget. Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester : ___DENNIS L. MONTGOMERY___

Citizenship Status : ___CITIZEN US___ Social Security Number : ___**FRCP 5.2**___

Current Address ___4425 ISSAQUAH PINE LAKE RD SE # A31___

Date of Birth ___**FRCP 5.2**___ Place of Birth ___**FRCP 5.2**___

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

___LARRY KLAYMAN / LARRY KLAYMAN LAW FIRM___
Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature : ___[signature]___ Date ___4/12/07___

---

Name of individual who is the subject of the record(s) sought.

Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DENNIS MONTOMGERY and LARRY KLAYMAN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| JAMES COMEY, et al. | ) ) ) |
| Defendants. | ) ) ) |

Case No. 17-cv-01074-RJL

# Exhibit D



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 1, 2017

MR. LARRY KLAYMAN ESQUIRE
KLAYMAN LAW GROUP, P.A.
SUITE 800
2020 PENNSYLVANIA AVE. N.W.
WASHINGTON, DC 20006-1811

FOIPA Request No.: 1370325-000
Subject: MONTGOMERY, DENNIS L.(302 REPORTS OF INTERVIEW)

Dear Mr. Klayman:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑    Your request has been received at FBI Headquarters for processing.

☐    Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐    The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐    Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐    Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑    For the purpose of assessing fees, we have made the following determination:

    ☐    As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐    As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑    As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

        You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

        You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division