# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 18-5097                          September Term, 2018

FILED ON: FEBRUARY 5, 2019

DENNIS MONTGOMERY,
        APPELLEE

LARRY ELLIOTT KLAYMAN,
        APPELLANT

v.

JAMES B. COMEY, AN INDIVIDUAL; INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS FORMER DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, ET AL.,
        APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-01074)

Before: ROGERS, SRINIVASAN, and PILLARD, *Circuit Judges*.

## J U D G M E N T

The court considered this appeal on the record from the United States District Court for the District of Columbia, and on the briefs and arguments of the parties. The court has given the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED IN PART AND MODIFIED IN PART**.

Appellant Larry Klayman claims to have been subject to unlawful surveillance by the United States government. He filed this suit against several present and former government officers as well as the Federal Bureau of Investigation, the National Security Agency, and the Central Intelligence Agency. The district court dismissed the claims at issue pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and Appellant Klayman timely appealed. For the reasons set out below, we affirm the district court's decision but modify the district court's order insofar as it rendered the jurisdictional dismissals with prejudice rather than without prejudice.

First, Appellant's challenge to the targeted surveillance program known as PRISM fails because he lacks Article III standing. As explained by our judgment today in the related case *Klayman v. Obama*, No. 17-5281, the Supreme Court's decision in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013), which addressed a challenge to the same statute, requires plaintiffs challenging surveillance programs to allege a "certainly impending" injury that does not rely on a "highly attenuated chain of possibilities." *Id.* at 410. Appellant's allegations that might support standing here amount to a single sentence asserting without elaboration that Appellant "made international phone calls and exchanged correspondence with individuals located in foreign nations within the past two years." J.A. 16. As the district court held, that threadbare claim is inadequate under *Clapper*.

Next, Appellant claims that the government has repeatedly hacked his cellphone and installed malware. The district court correctly held that this allegation is so "patently insubstantial" that it presents no federal question suitable for the court's resolution. *See Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Jurisdictional dismissal for insubstantiality is appropriate when a plaintiff's "claims [are] flimsier than doubtful or questionable—they must be essentially fictitious." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (formatting altered). Appellant bases his belief that the government has targeted and hacked his devices on his observation that he has twice had Samsung cellphones with battery-life issues and other assorted glitches. *See* J.A. 20–21. Appellant's speculation that the alleged glitches indicate that his phones were hacked by the government amounts to an "essentially fictitious" allegation, *Best*, 39 F.3d at 330, and the district court was right to dismiss the claim on jurisdictional grounds.

Appellant's claim concerning an unnamed bulk collection program "similar" to that previously authorized under Section 215 of the PATRIOT Act also fails. The sum total of the allegations in the Complaint that speak to the existence of such a program is a statement that "Defendants' ongoing illegal, unconstitutional surveillance continues to occur in numerous ways, including but not limited to, bulk telephony metadata collection similar to the now 'discontinued' Section 215," and a vague promise that "[a]dditional, specific mechanisms employed by Defendants will be set forth in discovery." J.A. 12–13.

The district court dismissed the claim as moot because the bulk telephony metadata collection program under Section 215 has ceased and the statutory authorization for it has been revoked. Assuming the district court's reading of the Complaint is correct and Klayman challenges the Section 215 bulk telephony metadata collection program, the claim is moot for the reasons explained in our judgment in the related case *Klayman v. Obama*, No. 17-5281. To the extent Appellant seeks to challenge not the discontinued Section 215 program but rather a similar, as-of-yet unrevealed program, he has failed to allege any facts supporting his standing to challenge such a program.

Appellant's First Amendment claim based on the chilling effect of the threat of surveillance fails as well. A subjective fear of surveillance, without more, is insufficient to confer standing to bring a First Amendment challenge to a surveillance program. *See Clapper*, 568 U.S. at 417. Here, the threat of surveillance must be "certainly impending" for the concomitant chilling to be traceable to the government's conduct. *See id*. That is, standing to bring the First Amendment chilling claim depends on standing to challenge the surveillance ostensibly giving rise to the chilling effect. As we have explained, and as the district court rightly held, Appellant has failed

to demonstrate his standing to challenge the alleged surveillance. Consequently, the First Amendment claim too must fail.

Finally, Appellant argues that the district court erred in dismissing his claims with prejudice rather than without prejudice. Appellant is correct that a Rule 12(b)(1) dismissal for lack of jurisdiction generally is not a decision on the merits and therefore should be without prejudice. *See* Charles A. Wright et al., 5B Fed. Prac. & Proc. § 1350 (3d ed.); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999). Thus, we affirm the district court's decision but modify the order to state that the dismissals pursuant to Rule 12(b)(1) are without prejudice. *See Kasap*, 166 F.3d at 1248.

Pursuant to D.C. CIR. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

                                             **FOR THE COURT:**
                                             Mark J. Langer, Clerk

BY:    /s/
           Ken Meadows
           Deputy Clerk